UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
MARTIN E. SPEHAR,                           :        CASE NO. 1:12-CV-2855
                                            :
            Plaintiff,                      :
                                            :
vs.                                         :        OPINION & ORDER
                                            :        [Resolving Doc. Nos. 3, 7, 16]
THE CITY OF MENTOR, OHIO, *et al.*,         :
                                            :
            Defendants.                     :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Martin E. Spehar filed the above-captioned action in the Lake County Court of Common Pleas on October 12, 2012 against the City of Mentor, Mentor Law Director Richard Hennig, Mentor City Council President Robert M. Shiner, and unidentified Mentor City Council Members from August 2009 to the present. (Doc. No. 1-2). Plaintiff thereafter filed an Amended Complaint on November 8, 2012. (Doc. No. 1-3). In the Amended Complaint, plaintiff challenges a City of Mentor ordinance that limits the circumstances under which residents may raise chickens on their residential property. The defendants removed this action to federal court on November 16, 2012, arguing the Amended Complaint alleges due process violations under the United States Constitution. (Doc. No. 1).

**I. Background**

Plaintiff is the owner of an approximately ½ acre parcel of property located at 7495 Hopkins Road in Mentor, Ohio.[1]  He indicates that he wants to raise chickens on his property; however, Mentor has a codified ordinance, MCO 505.13(b), that prohibits anyone within the city limits from keeping horses, goats, cows, chickens, sheep, mules, ducks, geese, turkeys or similar farm animals on less than two acres of land.  The ordinance also requires that where a two-acre parcel is available the animals must be kept more than 75 feet away from any dwelling, including those located on adjacent parcels of property.

Under the terms of this ordinance, Plaintiff would be unable to raise chickens on his property.  He attended a City of Mentor Council Meeting in May 2009 and asked them to consider amending the ordinance to permit him to raise chickens.  Plaintiff asserts City Council members went into "executive session" to consider his request. (Doc. No. 1-3 at 1).  He claims that when the public meeting was adjourned, one of the council members began to sing "Goodnight Irene" which plaintiff interpreted as a sign that "only in my dreams will I raise chickens in Mentor."  (Doc. 1-3 at 1).  The ordinance was not amended as plaintiff requested.

Nevertheless, plaintiff decided to defy the ordinance and raise five chickens on his property. On July 7, 2009 and August 4, 2009, plaintiff was cited for violating Mentor Codified Ordinance ("MCO") 505.13.  (Doc. No. 1-3 at 11).  In both instances, plaintiff pled not guilty and the matters were set for bench trial before the Mentor Municipal Court.  *See* Mentor Municipal Court Case Nos.

---

[1] Neither the Amended Complaint nor any of the parties' motions or responsive briefs provide a coherent statement of the facts underlying plaintiff's action. The facts as set forth above are gleaned from various statements scattered throughout the pleadings filed in the instant case, as well as publicly available information on the Mentor Municipal Court's website.

CRB 0900869 and CRB 0901019. The City ultimately filed *nolle prosequi* entries in both actions, which the Mentor Municipal Court accepted. *Id*.

On August 12, 2009, defendant Hennig sent a letter to plaintiff indicating that its regular meeting on August 18, 2009, the City Council would consider a proposed amendment to MCO 505.13 to enhance the penalty for repeat violators from a minor misdemeanor offense to a misdemeanor offense, which would permit the Judge to sentence a defendant to jail time in addition to imposing a larger monetary penalty. At the meeting, City Council "unanimously waived the second and third readings" of MCO 505.13 and approved it. (Doc. No. 1-3 at 5, Doc. No. 11 at 3).[2] Plaintiff claims existing violators were not "grandfathered" after the ordinance was amended. (Doc. No. 11 at 3). Plaintiff further asserts that, between the City Council meeting in May 2009 and the approval of MCO 505.13 in August 2009, defendants failed to conduct any public meetings, hearings, or discussions regarding the keeping of farm animals within City limits.

In June 2011, plaintiff was cited once again for violating MCO 505.13. He pled not guilty and the matter was set for bench trial in the Mentor Municipal Court. *See* Mentor Municipal Court Case No. CRB 110071. Plaintiff filed a Motion to Dismiss the charges, which the municipal court set for a hearing on July 13, 2011. *Id*. At that hearing, Spehar was found guilty, fined $150.00, and assessed costs in the amount of $140.00. *Id*. At a payment hearing held several days later, plaintiff elected to perform community service work in lieu of paying the fine. Plaintiff states he did not appeal his conviction or sentence.

---

[2] As amended in August 2009, MCO 505.13 provides in relevant part as follows: "(d) Whoever violates this section shall be guilty of a minor misdemeanor upon a first offense; shall be guilty of a fourth degree misdemeanor upon a second offense within twelve months of the first offense; and shall be guilty of a third degree misdemeanor upon three or more offenses within twelve months of the first offense."

In September 2012, plaintiff was again cited for violating MCO 505.13. He pled not guilty and the matter was set for bench trial. *See* Mentor Municipal Court Case No. CRB 1201413. On October 17, 2012, he was found guilty, fined $100, and assessed $370 in costs. *Id*. He thereafter filed a post-conviction petition, motion to vacate judgment, and motion for summary judgment, all of which were denied. *Id*. Plaintiff states he did not appeal this conviction and sentence. (Doc. No. 11 at 6).

Plaintiff claims that, after his October 2012 conviction, he gave his five chickens to the first person able and willing to take all of them. He contends he did so under duress, because he believed the city prosecutor would pursue a 30 day jail sentence, if he still had the chickens on the day of the sentencing hearing.

Plaintiff's Amended Complaint contains three causes of action. First, plaintiff asserts a state law personal injury claim based on physical and financial hardships he claims he endured as a result of his prosecutions for violating the ordinance. He indicates he was forced to build a chicken coop out of plywood and fencing because "only a fool or a criminal would spend money to commit a crime... ." (ECF No. 1-3 at 3). He sues the defendants for damages because he bumped his head on his inferior chicken coop. He further claims he endured financial hardship and experienced emotional distress and anxiety by defending himself against his four citations. In his second cause of action, plaintiff asserts defendants conspired to deprive him of his right to farm his property. He also claims MCO 505.13 was amended in a capricious manner in violation of state law and the United States Constitution. Finally, in this third cause of action plaintiff asserts that the defendants committed theft of his chickens because he felt compelled to give them away to avoid jail time following his 2012 conviction.

Defendants removed plaintiff's action to this Court on November 16, 2012, arguing the Amended Complaint alleges due process violations under the United States Constitution. (Doc. No. 1). Several days later, defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 3) asserting that the claims against them should be dismissed because they are immune from damages under state law, the claims impermissibly attack plaintiff's convictions and are barred by the *Rooker Feldman* doctrine and *Heck v. Humphrey*, and the statute of limitations period has expired with regard to some of plaintiff's claims.

After reviewing the various filings in this matter, the Court ordered the parties to file briefs by March 22, 2013 discussing whether *res judicata* acts to stop plaintiff's claims. Plaintiff submitted his brief on March 21, 2013. He asserts six arguments in opposition to *res judicata*. First, he claims this civil action was filed before his final criminal conviction, so *res judicata* cannot apply. Second, he indicates the Mentor Municipal Court's rulings on the constitutional claims were rulings on motions and not final judgments. Third, he claims Shiner and Hennig were not parties to the criminal case. Fourth, he contends *res judicata* does not apply because this case is a civil case and the other case was a criminal action. They apply different rules of procedure. Fifth, he argues that this civil action is really a counterclaim to the criminal action and *res judicata* does not apply to counterclaims. Finally, he asserts his theft claim did not arise until after his last conviction because he did not feel compelled to give his chickens away until he faced jail time.

Defendants filed their brief on March 22, 2013. They assert the Mentor Municipal Court already determined plaintiff violated MCO 505.13(b). The City of Mentor was a party to the criminal action, and Mentor Law Director Richard Hennig, and Mentor City Council President Robert Shiner are in privity with the City. They contend plaintiff could have asserted his

constitutional claims challenging the ordinance in the course of that criminal action, and this case arises out of the same facts and circumstances as a the criminal case. Defendants argue that this case is barred by claim preclusion.

## II. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully." *Id.*

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. (citations omitted). In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[ ] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true. *Id*.

The Court notes that *res judicata* is an affirmative defense that generally must be raised by the defendants. FED. R. CIV. P. 8(c); *Haskell v. Wash. Township*, 864 F.2d 1266, 1273 (6th Cir.1988). However, the Supreme Court as well as the Sixth Circuit have indicated that a court may take the initiative to assert the *res judicata* defense *sua sponte* in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412, (2000); *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d

747, 757 (6th Cir.2003); *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir.1989).  In appropriate cases, this practice insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits.  *Holloway*, 891 F.2d at 1212.  For these reasons, courts can raise *res judicata sua sponte* despite the technical pleading requirements of Rule 8(c).  The "special circumstance" recognized in *Arizona*, which was first articulated by Justice Rehnquist in his dissent in *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980), is when a court is on notice that the issue presented has been previously decided.  *Arizona*, 530 U.S. at 412 (internal quotation marks omitted); *Neff v. Flagstar Bank*, FSB, 12-3732, 2013 WL 1197000 (6th Cir. Mar. 25, 2013).  Where the allegations in the Complaint on their face demonstrate that the action is barred by the affirmative defense, the Court may take notice of the defense and dismiss the action for failure to state a claim upon which relief can be granted.  *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

### III.  Analysis

#### A.  *Res Judicata*

The doctrine of *res judicata* prevents litigants from filing an action to relitigate matters that were already decided in another court proceeding.  Federal Courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state.  28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006).  To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply Ohio law on *res judicata*.  *Migra v. Warren City School District Board of Educ.* 465 U.S. 75, 81 (1984).

Under Ohio law, the doctrine of *res judicata* dictates that "a final judgment or decree

rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Johnson's Island, Inc. v. Bd. of Twp. Trustees*, 69 Ohio St.2d 241, 243 (1982). Application of the doctrine of *res judicata* does not depend on whether the original claim explored all possible theories of relief. *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000). Rather, "a valid, final judgment upon the merits of the case bars any subsequent action 'based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). If the actions share a common nucleus of operative facts, a plaintiff's second action is barred by *res judicata*, "even though [he] is prepared ... (1) to present evidence or grounds or theories of the case not presented in the first action, or (2) to seek remedies or forms of relief not demanded in the first action." *Id.* at 383.

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392 (2008). Claim preclusion dictates that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava*, 73 Ohio St.3d at 382. It applies if four elements are satisfied: (1) an arising out of the transaction or occurrence that was the subject matter of a previous action; (2) a prior final, valid decision on the merits by a court of competent jurisdiction in the first action; (3) a second action involving the same parties, or their privies, as the first; and (4) a second action raising claims that were or could have been litigated in the first action. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir.1997). Claim preclusion encompasses "all claims which were

or might have been litigated in a first lawsuit." *Id*.

By contrast, issue preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc.*, 80 Ohio St.3d 212, 217 (1997).  Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

Plaintiff asserts three causes of action in this case which challenge the validity of the ordinance and his prosecutions under the ordinance.  First, plaintiff asserts a state law personal injury claim based on physical, financial and emotional injuries he incurred in defending himself against his four citations.  Second, plaintiff asserts defendants conspired to deprive him of his right to farm his property, and amended MCO 505.13 in a way that denied him due process.  Finally, plaintiff asserts a claim for theft, indicating he felt compelled to give his chickens away after his last conviction in order to avoid the imposition of jail time under the ordinances repeat offender provision.  For the reasons set forth below, the Court finds that the claims are barred by the doctrine of claim preclusion.

**1. Second Action Arising out of the Transaction or Occurrence that was the Subject matter of the Previous Action**

The Court must first decide whether plaintiff was a party to another action which arose out of the same transaction or occurrence as this action.  *Grava*, 73 Ohio St.3d at 382.  To meet this criterion, the two actions in question must share a "common nucleus of operative facts." *Id*.  The

prior actions in this case are the criminal prosecutions in the Mentor Municipal Court. Both actions arise out of the citations plaintiff received from the City for violating MCO 505.13, and the imposition of penalties for the violations. Although he now raises Constitutional and tort claims against the City, his claims are all challenges to the City's enforcement of the ordinance. He contends he suffered injuries from a chicken coop constructed on cheap materials because he did not want to spend much money on an item he envisioned he would be required to remove when the City prosecuted him. The substance of his claim is not that the City was negligent in constructing the chicken coop, but rather that they enforced the ordinance. Plaintiff also includes a claim for theft. He is not claiming the City stole his chickens, but rather that they enforced the ordinance and he felt compelled to give them away or face jail time. He contends he experienced financial and emotional strain from defending against the enforcement of the ordinance. Finally, he challenges the constitutionality of the ordinance, under which he was convicted. These claims fall within the same 'common nucleus of operative facts' as the judgments of conviction, despite plaintiff's new theories of defense and creative characterization of the claims as torts. Because all of plaintiff's claims in this action are based on his prior citations under the ordinance, they arise out of the same transaction or occurrence as and the first element of *res judicata* is satisfied.

### 2. Prior Final, Valid Decisions on the Merits by a Court of Competent Jurisdiction

Although this action arises from the same common nucleus of operative facts, *res judicata* will not apply unless plaintiff received a final valid decision on the merits by a court of competent jurisdiction in the first actions. Plaintiff received at least two such decisions. He was cited in June 2011 for violating MCO 505.13. He pled not guilty and the matter was set for bench trial in the Mentor Municipal Court. *See* Mentor Municipal Court Case No. CRB 110071. In the course of that

action, plaintiff filed a Motion to Dismiss the charges. The court denied the Motion and Plaintiff was found guilty on July 13, 2011. Plaintiff was again cited for violating MCO 505.13 in September 2012, . Once again, he pled not guilty and the matter was set for bench trial. *See* Mentor Municipal Court Case No. CRB 1201413. He was found guilty on October 17, 2012, fined $100, and assessed $370 in costs. *Id*. In that criminal prosecution, he filed a post-conviction petition, a motion to vacate judgment, and a motion for summary judgment, all of which were denied. *Id*. Moreover, Plaintiff admits he challenged the constitutionality and legality of MCO 505.13(B) in the course of these criminal actions. This Court finds that two valid, final judgments were entered against plaintiff with respect to the validity of the ordinance and plaintiff's guilt for violating it. The second element of *res judicata* is satisfied.

### 3. Second Action Involving the Same Parties, or Their Privies

In addition to the first two elements, for *res judicata* to apply, both actions in question must involved the same parties or their privies. Plaintiff claims in his brief that this element is lacking because Hennig and Shiner were not parties to the criminal action. The City of Mentor is a party to both this civil action and the criminal actions brought against Plaintiff. Hennig is the Mentor Law Director, and Shiner is the Mentor City Council President. While they may not have been individually included as parties to the criminal action, they are officials of the City of Mentor and are in privity with the City. Consequently, this third element is satisfied.

### 4. Second Action Raising Claims that Were or Could Have Been Litigated in the First Actions

Finally, any claims asserted in this action that were actually litigated in the first action, or which could have been raised and litigated in the first action are barred. Plaintiff contends he could

not have raised these claims in the course of the criminal actions against him.  He first states he filed his civil action five days before he was convicted in the most recent criminal prosecution.  He also asserts his theft claim did not arise until after his criminal conviction because he gave away his chickens prior to sentencing to avoid the imposition of jail time.

In the present case, Plaintiff either raised or could have raised his claims in the course of his criminal prosecution, or in appeal of those judgments.  He contends he raised his constitutional claims in the criminal actions.  Those claims were decided by the state court and cannot be litigated for a second time in this court.  In addition, his remaining claims in this action challenge the validity of the ordinance and the City's decisions to enforce the ordinance by prosecuting him.  In the course of these criminal actions, plaintiff filed a motion to dismiss, a post-conviction petition, a motion to vacate judgment, and a motion for summary judgment.  Plaintiff could and should have asserted his challenges to the ordinance either in these motions or as defenses to the charges during trial.  The final element of *res judicata* has been met.  Therefore, Plaintiff's complaint is barred by the claim preclusion doctrines of *res judicata* and is not properly before this Court.

### B.  *Heck v. Humphrey*

Finally, even if plaintiff's claims were not barred by *res judicata*, they cannot be asserted in this court to collaterally attack his state court convictions.  A person convicted of a criminal offense may not raise claims in a civil action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).  Each of plaintiff's

claims challenge the validity of the ordinance he violated and the City's authority to prosecute him. In fact, he seeks damages for anxiety he experienced during his prosecution, for the value of the chickens he relinquished in an agreement with the prosecutor to avoid jail time, and for time and money he lost having to defend the charges. Plaintiff would only be entitled to these damages if the validity of his convictions was called into question. As such, he must also allege his convictions were declared invalid by either an Ohio state court or a federal habeas corpus decision. He did not appeal any of his convictions and this case must be dismissed on this basis as well.

### IV. Conclusion

Accordingly, defendants' Motion to Dismiss is granted and this action is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(2) that an appeal of this decision cannot be taken in good faith.

IT IS SO ORDERED.


Dated: June 21, 2013             *s/           James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE