UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                :
MARTIN E. SPEHAR,                               :   CASE NO. 1:12-CV-2855
                                                :
            Plaintiff,                          :
                                                :
vs.                                             :   OPINION & ORDER
                                                :   [Resolving Doc. Nos 33, 35, and 39]
THE CITY OF MENTOR, OHIO, *et al.*,             :
                                                :
            Defendants.                         :
                                                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Martin E. Spehar filed a post judgment "Motion to Re-Open" (Doc. 33). He does not indicate the legal basis upon which he seeks relief from the final judgment of this Court. As no other basis for relief is arguably viable, the Court construes this Motion as arising under Federal Civil Procedure Rule 60(b). Because Plaintiff provides no facts suggesting he has grounds for relief from judgment under Rule 60(b), the Motion is **DENIED.**

Plaintiff originally filed this action claiming the City of Mentor denied him due process by prosecuting him for raising chickens within the city limits in violation Mentor City Ordinance 505.13. The Court applied the doctrine of *res judicata* and dismissed the case because Plaintiff could and should have raised this claim during his criminal case in the Mentor Municipal Court. Plaintiff filed a "Request for Clarification" proclaiming that he will continue to raise chickens on his property and asking this Court to advise him whether "MCO 505.13 is a legal and lawful city ordinance that is in compliance with the Constitution of the United States... ." (Doc. No. 31 at 2).

The Court denied the Motion stating it would be inappropriate to provide such advice to any party. *See Aladimi v. Grant Cty. Det. Ctr.*, No. 09–CV–168–WOB, 2010 WL 399107, at *5 (E.D.Ky. Jan.27, 2010). Plaintiff has now files this Motion to Re-Open (Doc. No. 33) stating that the constitutionality of MCO 505.13 has not been settled.

Rule 60(b) permits a district court to grant a motion for relief from the judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial habeas petition. *In re Abdur'ahman*, 392 F.3d 174, 179-80 (6th Cir. 2004).

Because the Motion does not invoke any of the first five grounds for relief enumerated in the rule, Plaintiff's request can only be construed under subsection (b)(6), "any other reason justifying relief" from judgment. However, this subsection is only properly invoked in "unusual

-2-

and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). This Motion does not provide any indication that an extreme and unusual situation is present. He is simply attempting to relitigate this matter. He presents no legal basis for relief from the Court's final judgment. The Motion to Re-Open is denied.

In addition, the Defendant filed a Motion for Sanctions (Doc. No. 35) claiming this is the second frivolous post judgment Motion to which they have had to respond. They cite Local Rule 7.1(I) which states that filing a frivolous motion or opposing a motion on frivolous grounds may result in the imposition of sanctions including the assessment of attorney fees against counsel or the party involved. *Pro se* filings are given a liberal construction and are read with indulgence. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The Court does not hold the filings of *pro se* litigants to the same high standards as those drafted by attorneys who are educated in the law. The Plaintiff's two post judgment Motions are without merit; however, the Court declines to sanction the Plaintiff for his limited knowledge of the law and the Rules of Civil Procedure.

Nevertheless, it is apparent that Plaintiff will continue to file post judgment motions *ad infinitum*, undeterred by the Court's previous decisions in this case. The Court is very tolerant of legal filings from *pro se* litigants. It, however, will not permit any litigant to use the Court's resources to address filings which are clearly repetitive. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). This court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id*. To achieve these ends, the United States Court of Appeals

for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)). Plaintiff's multiple post judgment Motions do not seek actual relief from this Court and are indicative of his unwillingness to accept the Court's final decision in this case. This Court cannot permit Plaintiff to continue to litigate the same issues it has previously addressed.

Accordingly, Plaintiff's Motion to Re-Open (Doc. No. 33) and Defendant's Motion for Sanctions (Doc. No. 35) are **DENIED**. The Defendant's Motion to Disregard Plaintiff's Entry of Exhibits in Support of Re-Opening (Doc. No. 39) is **DENIED** as moot. Further, Plaintiff is permanently enjoined from filing additional post judgment motions in this case. The Clerk is directed to return, unfiled, any further Motions submitted in this action by Plaintiff.

IT IS SO ORDERED.

Dated: October 29, 2014        *s/  James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE